### CONSTRUCTION OF THE VERDICT OF A JURY.

Circuit Court of Cuyahoga County.

SARAFINO CAPRETTA v. THE J. H. HASKINS ROOFING COMPANY AND J. H. HASKINS.

Decided, May 10, 1912.

*Trials—Verdicts to be Construed Liberally.*

In construing the verdict of a jury the utmost favor should be extended to it by giving it a liberal construction, and where, in a case in which there were two defendants, the jury returns a verdict in favor of *the defendant*, the court properly may enter judgment in favor of both defendants.

*B. D. Nicola*, for plaintiff in error.
*Treadway & Marlatt*, contra.

POLLOCK, J. (sitting in place of Marvin, J.); DUSTIN, J. (sitting in place of Winch, J.), and NIMAN J., concur.

The plaintiff in this action is seeking to have a judgment of the court of common pleas of the county against him and in favor of the defendants, reversed for an error that he claims was committed by the court below against him in the trial of that case. The only error complained of is that the verdict rendered by the jury was so indefinite and uncertain that no judgment could be properly entered upon it, and that the court erred in overruling his motion for a new trial on this ground and in entering judgment on the verdict.

The only record we have of the case below are the pleadings and the verdict of the jury.

The plaintiff in error brought suit against the defendants in error in the court below to recover damages for personal injury which he claims to have sustained by reason of the negligent acts of the defendants. He says in his petition that at the time he received his injuries he was engaged in digging a trench from the sidewalk to a house on one of the streets of this city; that at the same time the defendants were engaged in roofing this house; that in hoisting a bucket filled with pitch from the ground to the roof of the building, the bucket and its contents fell and struck plaintiff, inflicting the injuries of which he complains. He says that the fall of said bucket was caused by the negligent and careless acts of the defendants.

The defendants answered separately to this petition. The defendant, the J. H. Haskins Roofing Company, said that it was a corporation, and then denied each and every allegation of the petition, and further said that at the time of the happening of the occurrence complained of this corporation was not in existence, and that it had no connection with the occurrence alleged in the petition.

The defendant, J. H. Haskins, answered denying the negligent acts charged in the petition and the injury complained of by the plaintiff, and alleged contributory negligence. The plaintiff replied denying the contributory negligence. The case went to trial to a jury, and the jury returned a verdict as follows:

"Sarafino Capretta, plaintiff, vs The J. H. Haskins Roofing Co. et al, defendants.

"We the jury in this case, being duly impanneled and sworn do find for the defendant."

The claim is made that here is a finding in favor of one of the defendants, and it was impossible for the court to determine, from the issues and this verdict, which of the defendants the jury intended to find in favor of, by its verdict.

The verdict of the jury must pass upon all the issues in the case and be free from ambiguity. The issues in this case, raised by both defendants, were submitted to the jury, and the question is whether or not this verdict responds to the issues and is so certain that the court can enter judgment on the verdict in favor of both defendants.

The verdict must be certain and positive, and free from ambiguity; it must convey on its face a definite and precise meaning, and must show just what the jury intended. But in construing a verdict, *Graham and Waterman on New Trials,* Vol. 3, 1377, say:

"The utmost favor has always been extended to verdicts, and they are not construed strictly, as pleadings are. Though the verdict may not conclude formally and punctually in the words of the issue, yet if the point in issue can be concluded out of the finding, the court shall work the verdict into form and make it serve."

And our Supreme Court, in the case of *Fries* v. *Mack*, 33 O. S., 52, in the opinion on page 59, lays down practically the same rule to guide the court in the construction of the verdict of the jury. Quoting from a Kentucky case, they say:

"In considering the verdict itself, with a view to its sufficiency, the first object is to ascertain what the jury intended to find, and this is to be done by construing the verdict liberally, with the sole view of ascertaining the meaning of the jury, and not under the technical rules of construction which are applicable to pleadings. And it has been said that every reasonable construction is to be adopted in support of a verdict."

Now, applying this rule to this verdict, what did this jury mean, looking at and construing the verdict itself? Did they intend only to pass upon the issues in favor of one of these defendants, and that the issues as to the other defendant would go without a determination? We hardly think that that can be the construction drawn from this verdict. Construing it liber-

ally, as required by this rule laid down by our Supreme Court, we think that the true construction is that they found the issues in favor of each of these defendants and against the plaintiff; and that the verdict means that the issues raised by each of the answers of the defendants were thus found in favor of the defendants, and that the court committed no error in overruling the motion for a new trial and rendering judgment in favor of each of the defendants and against the plaintiff.

Our attention has been called by the plaintiff in error to a number of cases in the courts of other states, where two defendants were sued jointly and issues raised in the action, and a verdict returned in favor of the plaintiff and against one of the defendants; that it was so indefinite and uncertain which one of the defendants the jury intended to render the verdict against that the court could not determine, and therefore the verdict should be set aside and a new trial granted.

There is much difference in construing a verdict of that kind, where there is affirmative relief found against one defendant, and no designation of that defendant, and where the verdict is in favor of the defendant. In the first case, there is an affirmative action against one, the court can not determine which it is, and for that reason it is set aside; but in the case at bar, where the verdict is in favor of the defendant, there is no judgment to be rendered against that defendant, and for that reason the presumption is, granting a liberal construction, that it was intended to be in favor of both defendants.

The judgment of the court below is affirmed.